**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALTER MAISEL, PhD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AEH COMPANY, INC. doing business as SERAPH CONSULTING, a California corporation; TRINET HR III-A, INC., a California corporation; AMBROSE CONROY, an individual; and DOES 1 through 10, Inclusive,<br><br>Defendant. | Case No.: 3:21-cv-01493-BEN-DEB<br><br>**ORDER GRANTING DEFENDANTS' MOTION**<br><br>**[ECF No. 6]** |

**I.     INTRODUCTION**

Plaintiff WALTER MAISEL, Ph.D. ("Plaintiff") brings this action for breach of contract due to failure to pay wages and a bonus for work performed in 2019 against Defendants AEH COMPANY, INC. doing business as SERAPH CONSULTING, a California corporation ("Seraph"); TRINET HR III-A, INC., a California corporation ("TriNet"); and AMBROSE CONROY, an individual ("Conroy") (collectively, "Defendants"). ECF No. 1-4 at 65-66.[1]

Before the Court is the Joint Motion of Defendants to Remand the Action to State

---

[1]     Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

Court (the "Motion"[2]).  ECF No. 6.  After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion.

## II.  BACKGROUND

### A.  Statement of Facts

Plaintiff alleges that on or about April 10, 2017, Conroy offered him a position at Seraph as President of Internal Operations.  Complaint, ECF No. 1-2 ("Compl.") at 5, ¶¶ 15-17.  On or about January 1, 2018, he accepted the terms of employment, which included a salary of $300,000.00 and a bonus of ten percent of the distributable profits from the consulting business during his term of his employment, which would be paid at the end of the year in which it is earned and pro-rated by the full month worked.  *Id.* at 5, ¶ 16.  On or about December 2, 2019, Conroy informed Plaintiff that allegedly there were some red flags with his expense reimbursements, and he would have to be terminated.  *Id.* at 6, ¶ 24.  Plaintiff alleges that Defendants required him to continue to work until at least December 21, 2019, but only paid him through December 2, 2019.  *Id.* at 6, ¶ 25.

---

[2]  "Defendants' indication that the present motion is brought as a 'joint' motion is somewhat misleading." *Harville v. Cty. Comm'n of Lawrence Cty., Alabama*, No. cv-08-C-0222-NE, 2008 WL 11379962, at *1 n. 3 (N.D. Ala. Nov. 19, 2008).  "Typically, 'joint' motions are brought by *all* parties to a particular lawsuit and not, as here, by only the defendants." *Id.*  Here, the Joint Motion acknowledges that "[a]s Plaintiff has not yet appeared in the instant matter, he is not a party to the instant joint motion." ECF No. 6 at 2, ¶ 7.  However, it states that "Plaintiff has, however, agreed that a joint motion to remand is appropriate under the circumstances." *Id.*  There is no declaration from Defendants' counsel stating under penalty of perjury that they have spoken with Plaintiff's counsel. *See, e.g.*, *Daniel F. v. Blue Shield of Cal.*, 305 F.R.D. 115, 122-23 (N.D. Cal. 2014) (noting that "courts will "not consider any arguments based on factual assertions that are unsupported by evidence"); *see also* FED. R. CIV. P. 43(c); S.D. Cal. Civ. R. 7.1(f)(1)-(3).  Further, the statement in the Joint Motion that Plaintiff agrees with the Joint Motion is hearsay. *Compare* Fed. R. Evid. 801(c) *with Smith v. Walsh*, 833 F. Supp. 844, 850 (W.D. Okla. 1993), *aff'd,* 48 F.3d 1233 n.4 (10th Cir. 1995).  Thus, even though "joint motions" require neither a hearing date for the motion nor a "a separate points and authorities or declaration unless required by the nature of the motion or requested by the assigned judicial officer," S.D. Cal. Civ. R. 7.2(b), it appears this motion needed to be filed as a regularly noticed motion.  On that basis, the Court refers to it as a "Motion" instead of a "Joint Motion."

### B. Procedural History

On December 2, 2020, Plaintiff filed suit against Defendants in the San Diego Superior Court, Case No. 37-2020-00044075-CU-BC-CTL, alleging six causes of action for (1) breach of contract; (2) failure to pay all wages; (3) false promise; (4) breach of covenant of good faith and fair dealing; (5) failure to provide timely personnel file and payroll records; and (6) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ECF No. 1-4 at 5.

On December 9, 2020, Plaintiff served TriNet. ECF No. 1-4 at 25-26. On January 5, 2021, Seraph accepted service of the Complaint through a Notice of Acknowledgement and Receipt. ECF No. 1 at 2, ¶ 3. On January 8, 2021, TriNet filed an Answer to Plaintiff's Complaint. ECF No. 1-4 at 27. On February 16, 2021, Seraph filed a Joint Answer to Plaintiff's Complaint. *Id.* at 34. On July 21, 2021, Conroy accepted service of the Complaint through a Notice of Acknowledgement and Receipt. ECF No. 1 at 2, ¶ 4. On August 13, 2021, Conroy filed a separate Answer to Plaintiff's Complaint. ECF No. 1-4 at 80.

On August 23, 2021, Conroy removed the case to the Southern District of California on the basis of diversity jurisdiction. ECF No. 1 at 3, ¶ 9. Conroy alleges that the amount in controversy exceeds $75,000.00, and diversity of citizenship exists because (1) Plaintiff alleges he is a resident and citizen of Michigan; (2) AEH and Conroy are both citizens of California; (3) Seraph is a citizen of Nevada; and (4) TriNet is a citizen of Delaware. *Id.* at 3, ¶¶ 10-14. That same day, Defendants Seraph and Conroy also filed answers to the Complaint. ECF Nos. 2, 3. However, on September 10, 2021, all three Defendants filed a Joint Motion to Remand to State Court. ECF No. 6.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, district courts are presumed to lack jurisdiction unless the Constitution or a statute expressly provides otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Generally, federal

subject matter jurisdiction exists due to the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.

"Except as otherwise expressly provided by Act of Congress," where a plaintiff files in state court a civil action over which the district courts of the United States have original jurisdiction, the defendant may remove that case "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, removing a case does not deprive another party "of his right to move to remand the case." 28 U.S.C. § 1448. Courts strictly construe the removal statute against removal jurisdiction. *See, e.g.*, *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

## IV. DISCUSSION

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Here, Defendants jointly move to remand within thirty (30) days of Conroy removing the case. Thus, the Motion to remand is timely. Neither Plaintiff nor Plaintiff's counsel has submitted a declaration in support of the Motion, and the Court cannot rely on a statement by opposing counsel indicating that Plaintiff supports the remand. To provide Plaintiff with an opportunity to object if the representation is not correct, the Court **GRANTS** the Motion unless Plaintiff files an objection within five (5) courts days of this order.

## V. CONCLUSION

For the above reasons, the Court **GRANTS** the Motion as follows: If no objection is received by Monday, October 11, 2021, this case is remanded to the San Diego Superior Court.

**IT IS SO ORDERED.**

DATED:   October 4, 2021

**HON. ROGER T. BENITEZ**
United States District Judge